FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 OCT 20 PM 12: 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MURRAY OWENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 98-JEO-1380-S |
| TOWN OF PARRISH, et al., | ) ) ) |
| Defendants. | ) |

ENTERED

OCT 20 1999

## MEMORANDUM OF OPINION

Before the court are the defendants' "Motion for Permission to File a Motion Out of Time" (doc. 19) and "Motion to Dismiss or, in the Alternative, Motion to Allow Resolution of Plaintiff's Criminal Charges Prior to the Trial of the Civil Case" (doc. 18). A hearing on the motions was conducted October 7, 1999. Upon due consideration, the court finds that the motion for permission to file a motion out of time is due to be granted, the motion to dismiss is due to be denied, and the motion to allow resolution of the plaintiff's criminal charges prior to the trial of the civil case is due to be granted. Accordingly, this action will be stayed pending the outcome of the state criminal action.

### I. BACKGROUND

In this action, Murray Owens ("the plaintiff") asserts claims against the Town of Parrish ("Town of Parrish" or "the defendant") and Jim Handley ("the defendant"). Specifically, count one alleges statutory claims under 42 U.S.C.A. §§ 1983 and 1985, count two alleges negligence and wantonness claims under state law, and count three alleges race discrimination claims under 42

23

U.S.C. § 2000(e). The plaintiff's oral motion to dismiss the third count was granted at the hearing on the defendants' motions.

The plaintiff previously brought suit against the defendants prior to the present action, alleging the defendants had interfered with his voting rights. On June 5, 1996, while his voting rights action was pending, the plaintiff was stopped by a police officer of the Town of Parrish for reckless driving and an improper tag light. During the stop, the plaintiff was arrested. He claims the stop and arrest are the result of a conspiracy by the defendants to retaliate against him for filing his voting rights claims and to intimidate him from filing future claims. The plaintiff also claims the arresting officer negligently and wantonly injured his wrists during the stop and arrest. Local charges were brought on the traffic violations.

On January 15, 1998, the defendants herein moved for dismissal of criminal charges in the Circuit Court of Walker County, Alabama, contingent upon the plaintiff releasing the Town of Parrish from further liability regarding the arrest. The state court judge granted a dismissal with prejudice contingent upon the plaintiff signing a release.

On May 29, 1998, plaintiff filed this action. After the parties' deadline for filing dispositive motions in the present matter had passed, counsel for the defendants discovered that the plaintiff had never signed the release upon which the dismissal of the criminal charges was based. On July 21, 1999, the prosecutor for the Town of Parrish filed a motion to reinstate the criminal charges against the plaintiff in state court. The motion was granted.

## II. DISCUSSION

### A. Motion for Permission to File a Motion Out of Time

The defendants' motion to dismiss would normally be considered untimely, because it was

2

filed after the deadline set by the court for filing dispositive motions. In this case, however, it was not until after the deadline had passed that defense counsel discovered the plaintiff's failure to comply with an alleged agreement to execute a release in exchange for the dismissal of the criminal charges. The defendants successfully petitioned the state court to reinstate the criminal charges. Given these unusual circumstances, the court will exercise its discretion in allowing the defendants to file the motion to dismiss out of time.

### B. Motion to Dismiss

#### 1. Release Agreement

The defendants initially argue that the court should grant their motion to dismiss because the alleged release-dismissal agreement is valid and should be upheld and enforced by the court pursuant to *Town of Newton v. Rumery*, 480 U.S. 386, 107 S. Ct. 1187, 94 L. Ed. 2d 405 (1987). Because the plaintiff now asserts that he never agreed to the alleged disposition of the criminal charges and no agreement was ever executed, the city has moved to reinstate, and the state court reinstated the charges and has thereby placed the parties in the positions they held prior to the alleged agreement, the motion to dismiss is due to be denied.

#### 2. *Heck v. Humphrey*[1]

In *Heck*, the Supreme Court held that § 1983 claims "to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" may not proceed until the charges have been "reversed on direct appeal, expunged by executive order, declared invalid by state tribunal

---

[1] 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

3

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). Under *Heck*, a § 1983 action for "damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90. The only exception is where the "court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Id.* at 487-488.

The plaintiff argues that, even if he prevails on his various claims in this court, that would not invalidate any conviction or sentence he might receive for reckless driving and an improper tag light. He asserts that the denial of his civil rights premised on the defendants' actions are sufficiently distinct from his guilt or innocence on the criminal charges so as not to bring the case within the *Heck* limitations. He therefore argues that *Heck* does not operate to bar or delay his claims against the defendants.

The pertinent issue is whether, if successful, the plaintiff's §§ 1983 and 1985 claims would necessarily undermine the validity of the criminal proceedings in state court. The plaintiff argues he is not challenging the state's criminal proceedings or even attempting to invalidate the outcome. Instead, he asserts he is challenging the conspiracy to intimidate him and to retaliate against him for bringing a lawsuit. The defendants argue the present suit is premature as there has been no determination that the state prosecution is invalid.

This court generally views *Heck* as a bar to claims challenging the validity of criminal charges. *Heck* is a guard against criminal defendants attempting to invalidate criminal proceedings through the civil laws. This court cannot permit a collateral attack on the State of Alabama's criminal proceedings through this court's remedies. However, the plaintiff's challenges to the

4

actions of the defendants, purportedly denying him his civil rights by intimidating him and retaliating against him for filing the voting rights claim and in using excessive force during the arrest, do not challenge the validity of the criminal proceedings. Even were the plaintiff successful on the present claims, that would not demonstrate the invalidity of the outstanding criminal matters. The court finds, however, that it is prudent for this court to withhold further proceedings in this matter until the criminal charges have been resolved in the Circuit Court of Walker County.[2]

### III.   CONCLUSION

For the foregoing reasons, the defendants' motion to file out of time (doc. 19) is due to be granted, the motion to dismiss (doc. 20) is due to be denied, and the motion to allow resolution of plaintiff's criminal charges prior to the trial of the civil case is due to be granted. An appropriate order will be entered.

**DONE** this the 19th day of October, 1999.

JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE

---

[2] Throughout these proceedings, the plaintiff has asserted that he does not intend to use the present claims as a premise for challenging the state charges. Should he advance such arguments in the state proceedings, this court would be compelled to reexamine its determination on this motion.