## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MURRAY OWENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 98-JEO-1380-S ) |
| TOWN OF PARRISH and JIM HANDLEY, | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OF OPINION

Before the court are the "Defendants' Motion to Strike Plaintiff's Calling of Treating Physicians as Witnesses at Trial," (doc. 41), the defendants' "Motion to Strike" the plaintiff's claim under 42 U.S.C. § 1985 (doc. 44), the defendants' "Motion to Exclude a Claim of Excessive Force," (doc. 45), and the defendant's "Motion to Dismiss Plaintiff's Claim of Negligence Against [the] Town of Parrish" (doc. 46). The parties have been afforded ample time to submit briefs concerning these motions.

**I.   BACKGROUND**

Murray Owens ("the plaintiff") originally asserted three claims in the complaint naming the Town of Parrish ("Town of Parrish") and Jim Handley ("Handley") as defendants. (Doc. 1).[1]

---

[1] Because the content of the complaint is important to the motion to exclude the excessive force claim, the court has reproduced the same below:

**COMPLAINT**

**Jurisdiction**

1.   Plaintiff Murry [sic] Owens (hereinafter "Owens") is a resident citizen of the Northern District of Alabama and is over the age of nineteen (19) years.

2.   Defendant Town of Parrish is a municipal corporation organized and existing under the laws

of the State of Alabama.

3. Defendant Jim Handley (hereinafter "Handley") is a resident citizen of the Northern District of Alabama and is over the age of nineteen (19) years.

4. Plaintiff brings this complaint pursuant to 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1985 and 42 U.S.C. § 1983.

### Statement of Facts

5. Mr. Owens has been previously involved in litigation with Defendant Town of Parrish and Defendant Handley pertaining to Plaintiff's voting rights.

6. Subsequent to that litigation, on June 5, 1996, a Parrish police officer stopped Mr. Owens within the Town of Parrish for a traffic violation.

7. Mr. Owens was arrested at the conclusion of the traffic stop. As a result of the actions of the arresting officer, Mr. Owens' wrists were injured and required surgery.

### Count One

8. Plaintiff adopts and re-alleges each and every material averment set out hereinabove as if specifically set forth and pled herein.

9. Plaintiff brings this Count pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

10. Plaintiff avers that Defendants acted as co-conspirators in order to retaliate against him for his filing previous litigation and to intimidate Plaintiff from bringing any future litigation. These combined actions denied Plaintiff his civil rights and resulted in physical pain and bodily injury.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages as well as costs, interest and attorney's fees and injunctive and declaratory relief and such other relief as the Court may deem appropriate.

### Count Two

11. Plaintiff adopts and re-alleges each and every material averment set out hereinabove as if specifically set forth and pled herein.

12. Plaintiff avers that during the arrest process the arresting officer intentionally and/or wantonly or negligently misused the handcuffs by securing them in a manner so as to cause Plaintiff physical pain and bodily injury.

13. Plaintiff did in fact suffer actual bodily injury resulting from this conduct in the form of nerve damage to his wrists, which required corrective surgery.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages, plus costs, interest and attorney fees.

### Count Three

14. Plaintiff adopts and re-alleges each and every material averment set out hereinabove as if specifically set forth and pled herein.

15. Plaintiff brings this Count pursuant to 42 U.S.C. § 2000e *et seq.*

16. Plaintiff avers that Defendants, by and through their agent, discriminated against him in their treatment of him because of his race.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages, plus costs, interest and

The first count alleges claims under 42 U.S.C. §§ 1983 and 1985 based on an assertion that the defendants retaliated against the plaintiff for filing previous litigation regarding his voting rights. (Doc. 1, ¶¶ 8-10). The second count generally incorporates the "material" allegations from the previous paragraphs of the complaint and alleges that "the arresting officer intentionally and/or wantonly or negligently misused the handcuffs," thereby injuring the plaintiff. (*Id.*, ¶¶ 11-13). The third count again generally incorporates the previous "material" allegations and alleges a race discrimination claim under 42 U.S.C. § 2000e, *et seq*.

The plaintiff alleges in the complaint that, prior to this action, he had sued the defendants for allegedly interfering with his voting rights. (Doc. 1, ¶ 5). On June 5, 1996, after he had filed his voting rights case, the plaintiff was stopped by an unnamed police officer of the Town of Parrish for reckless driving and an improper tag light. During the stop, the plaintiff was arrested. He then filed this suit, claiming that the stop and arrest were the result of a conspiracy by the defendants to retaliate against him for filing his voting rights claims and to intimidate him from filing future claims. The plaintiff also claims the arresting officer negligently and wantonly injured his wrists during the stop and arrest. Local charges were brought against the plaintiff on the traffic violations.

On January 15, 1998, the defendants herein moved for dismissal of the criminal charges, contingent upon the plaintiff releasing the Town of Parrish from further liability regarding the arrest. The state court judge granted a dismissal with prejudice, also contingent upon the plaintiff signing a release.

---

attorney fees.

(Doc. 1).

3

On May 29, 1998, plaintiff filed this action. A scheduling order was entered by this court on July 29, 1998, setting forth the dates for discovery, dispositive motions, and a tentative trial date on or about August 2, 1999. (Doc. 6). The schedule was based on the "Report of the Parties Planning Meeting" that was filed by agreement of the parties. (Doc. 5). No dispositive motions were filed by either party during the allowable period. The case was set for a pretrial conference to be conducted on July 21, 1999. (Doc. 15).

At the pretrial conference, the defendants requested additional time to file a motion to dismiss because counsel for the defendants recently learned that the plaintiff had never signed the release upon which the dismissal of the criminal charges was based. On July 21, 1999, the prosecutor for the Town of Parrish filed a motion to reinstate the criminal charges against the plaintiff in state court. The motion was granted.

This court allowed the out-of-time motion to dismiss. (Docs. 23 & 24). The parties presented oral arguments on October 7, 1999. Upon consideration, the court held that the motion to dismiss was due to be denied. (*Id.*). The court did stay further proceeding pending the outcome of the state criminal charges. (*Id.*). The last count of the complaint, alleging race discrimination, was dismissed by the court on the oral motion of the plaintiff. (*See* Doc. 23, pp. 1-2).

On May 16, 2000, the court allowed the plaintiff's original counsel to withdraw after present counsel agreed to represent the plaintiff and had entered his notice of appearance. (Docs. 31 & 33).

## II. DISCUSSION

### A. Motion to Strike the Testimony of the Treating Physicians (Doc. 41)

In this first motion, the defendants' seek to prevent the testimony of George Weaver and Gary Russell, the plaintiff's treating physicians, and to exclude any of the plaintiff's medical records that reference his being handcuffed. (Doc. 41, p. 2). This motion was filed shortly after counsel for the plaintiff filed a document on July 14, 2000, captioned "Notice of Intent to Call Treating Physician as Witness at Trial." (Doc. 40). Counsel stated in the notice that he intended to call Weaver and Russell and to use the plaintiff's medical records at trial. (*Id.*, ¶ 1). Counsel further stated that he expected these witnesses "to testify regarding facts and circumstances that they viewed during the care and treatment of the plaintiff, resulting from the plaintiff's injury to his wrist, caused by application of the handcuffs to the plaintiff's wrist" by Handley. (*Id.*, ¶ 2). The defendants assert that this evidence constitutes expert testimony, the disclosure of which comes too late in the process. (Doc. 41, ¶ 3).

In response to the motion, the plaintiff claims that he notified the defendants of the possible use of Weaver and Russell and the medical records in his initial disclosures in August 1998. (Doc. 43, ¶ 1). He also states that he has complied with the requirements of Rule 26(a)(2) of the FEDERAL RULES OF CIVIL PROCEDURE regarding the content of the disclosure. (*Id.*, ¶¶ 4-5). In support of the admissibility of this testimony, the plaintiff cites to *Brown v. Best Foods*, 169 F.R.D. 385 (N. D. Ala. 1996), which was decided by another judge on this court. The defendants retort stating that they "respectfully disagree with his decision." (Defense Counsel's letter dated August 4, 2000).

The defendant in *Brown* sought to strike the plaintiff's expert designation of his treating

5

physician for use at trial. The motion was premised on the plaintiff's alleged failure to timely provide an adequate written expert report in accordance with the requirements of FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B). The plaintiff listed the doctor in her Local Rule 26.1(a)(1) disclosures; however, the disclosure was untimely. It also was not substantively adequate. When discussing the pertinent considerations, the court stated:

> "[A] witness . . . may be an 'expert' as to some matters and an 'actor' as to others." *Nelco Corp. v. Slater Elec., Inc.*, 80 F.R.D. 411, 414 (E.D.N.Y. 1978). "Unlike an ordinary witness . . . an expert is permitted wide latitude to offer opinions, including those not based on first-hand knowledge or observation." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 592, 113 S. Ct. 2786, 2796, 125 L. Ed. 2d 469 (1993).
>
> "A doctor is not an 'expert' if his or her testimony is 'based on . . . observations during the course of treating'; if testimony was not 'acquired or developed in anticipation of litigation or for trial' and if the testimony is based on personal knowledge." *Richardson v. Consolidated Rail Corp.*, 17 F.3d 213, 218 (7th Cir. 1994) (quoting *Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir. 1993) (citations omitted)). Physicians who examined and prescribed treatment for a plaintiff "cannot be considered merely as expert witnesses whose examination was limited to obtaining information to be used solely for the purpose of testifying as an expert in the case." *McGuire v. Davis*, 437 F.2d 570, 572 (5th Cir. 1971).
>
> The former Fifth Circuit recognized "a well-settled proposition that a physician who has examined an injured party may describe what he has seen and give his expert inference therefrom." *McGuire*, 437 F.2d at 572. Additionally, a treating physician "may testify from personal observation of his patient that [she] is suffering pain." *McGuire*, 437 F.2d at 572.

*Brown*, 169 F.R.D. at 386-87. After additional discussion, the court denied the motion to strike for failure to comply with the requirements of Rule 26. The court stated, in pertinent part:

> The approach taken by a majority of courts when determining whether to require treating physicians to provide Rule 26(a)(2)(B) reports is that "the plaintiff[ ] can not avoid the requirements of Rule 26 by simply indicating that [her] experts are plaintiffs' treating physician . . . Rule 26 focuses not on the status of the witness, but rather the substance of the testimony." *Bucher v. Gainey*

6

*Transp. Service of Indiana*, 167 F.R.D. 387, 390 (M.D. Pa. 1996) (citing *Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir. 1993)).

The note excluding treating physicians from the written report requirement in the comments to the amended Rule 26 "indicates that a physician does not need to submit an expert report if planned testimony was acquired, 'not in preparation for trial, but rather because he was an actor or viewer with respect to transactions or occurrences that are a part of the subject matter of the lawsuit.' F.R.C.P. 26, advisory committee's notes (1993 Amendment, ¶ 2)." *Bucher*, 167 F.R.D. at 390. "To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under FED. R. EVID. 702, 703 and 705." *Wreath v. United States*, 161 F.R.D. 448, 449 (D. Kan. 1995). If a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the plaintiff, the treating physician "cannot be forced to file a written report required by Rule 26(a)(2)(B)." *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995). For example, courts have routinely held that because "a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries," opinions as to the cause of injuries do not require a written report if based on their examination or treatment of the patient. *Salas*, 165 F.R.D. at 33; *Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D. Colo. 1995); *Harlow v. Eli Lilly & Co.*, 1995 WL 319728 (N.D. Ill. May 25, 1995).

"However, when the doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Salas v. United States*, 165 F.R.D. at 33; *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995). "For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of the provider would be specifically retained notwithstanding that he also happens to be the treating physician." *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995); *see also Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir. 1993) (treating physician's opinion on the general medical standard of care in the community is subject to the Rule 26 requirements of disclosure because it was formulated in preparation for litigation and not based on his observation during the course of treatment).

*Brown*, 169 F.R.D. at 388-89.

Although the present matter is factually distinguishable from *Brown*, the foregoing

discussion is instructive. The plaintiff's initial disclosures did list Weaver and Russell as possible witnesses with knowledge of the plaintiff's medical condition. The intent to use them, as well as the medical records, to support a claim that the plaintiff's injury was caused by this incident was not disclosed until July 14, 2000 (doc. 40), well after the March 15, 1999, deadline for disclosure of expert witnesses by the plaintiff (doc. 6, p. 1). The defendants claim that to allow this testimony would be improper because it comes too late, in view of the September 11, 2000, trial setting and because it is highly prejudicial to the defendants. (Doc. 41, ¶ 3). The defendants also have informed the court that they do not intend to hire a rebuttal expert, although the court has informed counsel that additional time would be allowed if they chose to do so.

Because the proposed witnesses purportedly were the plaintiff's treating physicians and not experts acquired or developed in anticipation of litigation or for trial, and because the proposed testimony appears to be based on their personal knowledge acquired during their care and treatment of the plaintiff, their testimony will be permitted, including their opinion as to the causation of the purported injuries. The testimony of the treating physicians is relevant in this matter. The defendants will be afforded a full opportunity to cross-examine these witnesses and to refute their testimony as they deem appropriate under the FEDERAL RULES OF EVIDENCE. In view of the court's ruling on this issue, counsel for the defendant will also be permitted a reasonable period, up to thirty (30) days, to depose the witnesses and/or to reconsider retaining their own expert. Counsel for the plaintiff is also hereby placed on notice that these witnesses will not be permitted to testify with respect to any information or opinion beyond that garnered

8

or formed during the care and treatment of the plaintiff.[2]

## B. Motion to Strike the Conspiracy Claim

The defendants next move to strike the plaintiff's claims under 42 U.S.C. § 1985, that they conspired to violate the plaintiff's civil rights. They assert that the plaintiff has failed to present facts sufficient to support a claim under § 1985. (Doc. 44, ¶ 2). The plaintiff has not filed a response to the motion to strike.

Presumably, this claim is advanced under the third paragraph of § 1985. It provides as follows:

> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). In order to state a claim under this section, the plaintiff would have to allege and show:

---

[2] Because the medical records have not been submitted, any additional objections may be raised at trial regarding the same.

    (1)    the defendant entered into a conspiracy

    (2)    (a) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws or

           (b) for the purpose of using force, intimidation, or threat thereof to prevent a person from giving his support or advocacy in a legal manner toward or in favor of the election of certain federal officials; or

           (c) for the purpose of injuring any citizen in person or property on account of that person's support or advocacy on behalf of the elections of certain federal officials; and

    (3)    that there was an act in furtherance of the conspiracy

    (4)    (a) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States or

           (b) whereby a person is deprived of having and exercising any right or privilege of a citizen of the United States.

42 U.S.C. § 1985(3); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971). The plaintiff has not demonstrated in response to this motion how his allegations support a claim under the conspiracy provisions of § 1985. There are no allegations in the complaint that the defendants' actions were premised on race or that the claim otherwise fits within the parameters of § 1985(3). Accordingly, the motion to strike is due to be granted.[3]

### C. Motion to Exclude any Excessive Force Claim

The defendants next seek to preclude the plaintiff from presenting an excessive force

---

[3] The plaintiff states in footnote 2 in his opposition to the defendants' motion to exclude the plaintiff's excessive force claim that "[t]he Court has dismissed the claims under 42 U.S.C. § 1985, thus leaving the only claim for relief 42 U.S.C. [§] 1983. (Doc. 47, p. 2, n.2). This statement was not accurate at the time it was made. During the pretrial conference, the court voiced concern as to whether there was any basis for such a claim. Accordingly, the defendants were permitted to file their motion to strike the claim and the plaintiff was permitted to file any opposition thereto. It is the court's ruling on that motion herein that results in the dismissal of that claim.

10

claim pursuant to § 1983. In support of this motion, they assert that the plaintiff's complaint has not adequately pled such a claim. (Doc. 45, ¶ 1). The plaintiff has filed a response to this motion wherein he asserts that the complaint is adequate to state an excessive force claim. (Doc. 47, ¶ 6). Additionally, he asserts that the defendants do not, and cannot, claim they did not have notice of such a claim. (*Id.*, ¶ 7).

Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE simply requires, among other things, that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Generally, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))." *Taylor v. Alabama,* 95 F. Supp. 2d 1297, 1305 (M.D. Ala. 2000). In reviewing the defendants' motion, the court must accept all allegations as true and construe the facts in a light most favorable to the plaintiff. In support of their position, the defendants cite to *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). The *GJR* court stated that ". . . while FED. R. CIV. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." *Id*. Although the foregoing quote in *GJR* was in the context of reviewing a claim of qualified immunity,[4] the court

---

[4] The defendants herein have preserved their qualified immunity defense as it was asserted in their answer and in the proposed pretrial order. However, the defendants did not file a pretrial motion for summary judgment on this basis.

did note that the plaintiff failed "to state an equal protection claim, even without the additional hurdle of the heightened pleading standard. The words 'equal protection' d[id] not appear *anywhere* in the complaint.'" *GJR*, 132 F.3d at 167 (emphasis in original and footnote omitted). The court further noted that the defect could not be corrected through additional arguments in the briefs filed in response to the motion to dismiss. *Id.*, 132 F.3d at 168. *Accord Raspberry v. Johnson*, 88 F. Supp. 2d 1319, 1329 n.7 (M.D. Ala. 2000).

Since the decision in *GJR*, the Supreme Court rejected a D. C. Circuit rule that imposed a heightened burden of proof on plaintiffs in unconstitutional-motive claims under § 1983. *Crawford-El v. Britton*, 523 U.S. 574, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998). This holding has raised questions regarding whether the heightened standard noted in *GJR* is appropriate. *See Ross v. State of Alabama*, 15 F. Supp. 2d 1173, 1191 n.10 & n.15 (M.D. Ala. 1998). Regardless, the plaintiff must meet the notice pleading standards set forth in FED. R. CIV. P. 8. Accordingly, the pertinent inquiry is whether the complaint gave the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Conley*, 355 U.S. at 47, 78 S. Ct. at 103.

The complaint in this matter is by no means a paragon of clarity. The introduction alleges that the complaint is brought pursuant to §§ 1983 and 1985.[5] As is discussed above, count one is brought under §§ 1983 and 1985 and alleges that the defendants "retaliate[d] against" the plaintiff for litigation he filed previously and "to intimidate him from bringing any future litigation." (Doc. 1, ¶¶ 9-10). Count two, wherein the plaintiff now asserts that the

---

[5] It also erroneously states that the complaint is brought pursuant to § 2000e, *et seq.*

excessive force claim is found (*see* doc. 47, ¶ 6), states that "the arresting officer intentionally and/or wantonly or negligently misused the handcuffs by securing them in a manner so as to cause Plaintiff physical pain and bodily injury." (*Id.* at ¶ 12). It also incorporates the "material allegations" from the preceding paragraphs in the complaint, including a reference to the allegation in count two that "Plaintiff brings this Count pursuant to 42 U.S.C. § 1983 . . . ." (Doc. 1, ¶¶ 9, 11).

In *Raspberry*, the court addressed the question of whether an excessive force claim was asserted in the plaintiff's complaint. *Raspberry*, 88 F. Supp. 2d at 1328. In discussing such a claim, the court stated:

> The Supreme Court of the United States and the Eleventh Circuit have explicitly held that all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Menuel v. City of Atlanta*, 25 F.3d 990, 995 (11th Cir. 1994). Furthermore, the Supreme Court has made clear that if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under substantive due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, ---- n.5, 118 S. Ct. 1708, 1714, 140 L. Ed. 2d 1043 (1998); *Graham*, 490 U.S. at 394, 109 S. Ct. 1865.

*Id.* at 1328-29. The court, finding that the complaint did not include an excessive force claim, stated as follows:

> In the recent case of *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359 (11th Cir. 1998), the Eleventh Circuit explicitly held that
>
>> [a] district court may not infer claims other than those that plainly

13

> appear on the face of the complaint to defeat a defense of qualified
> immunity. To do so is to ignore both the heightened pleading
> standard[6] for § 1983 claims that is the law of this circuit and the
> Supreme Court's call for a "firm application of the Federal Rules
> of Civil Procedure" in cases where qualified immunity is asserted.
>
> *Id.* at 1369 (citing *Butz v. Economou*, 438 U.S. 478, 508, 98 S. Ct. 2894, 57 L. Ed.
> 2d 895 (1978)). Therefore, based on the foregoing, the court may neither infer an
> excessive force claim nor construe Plaintiff's substantive due process claim as a
> claim for excessive force.[7] Accordingly, the court finds that Plaintiff has failed to
> sufficiently allege a violation of a clearly established constitutional right.
> However, rather than dismissing Plaintiff's § 1983 claim against Deputy Cable,
> the court finds that the just remedy in this case is to grant Plaintiff limited leave to
> amend his Complaint. *See Arrington v. Dickerson*, 915 F. Supp. 1503, 1515
> (M.D. Ala. 1995); *see also LaFleur v. Wallace State Community College*, 955 F.
> Supp. 1406, 1420 (M.D. Ala. 1996) ("Generally, to remedy deficient pleadings in
> § 1983 actions, courts grant a plaintiff leave to amend the complaint . . . rather
> than dismiss the cause of action.")

*Raspberry*, 88 F. Supp. 2d at 1329.

The words "excessive force" or "Fourth Amendment" do not appear anywhere in the complaint. Thus, this court must determine whether or not, without any such straightforward reference, the complaint sufficiently notifies the defendants that the plaintiff is asserting an excessive force claim against them. After thoroughly reviewing the matter, the court concludes that it cannot find that the complaint adequately states an excessive force claim. In his second count, the plaintiff states that, after he was stopped and, while he was being arrested, an unnamed

---

[6] "In § 1983 actions, where government officials sued in their individual capacities have raised the defense of qualified immunity, the Eleventh Circuit has 'tightened' the pleading requirements. *GJR Investments, Inc.*, 132 F.3d at 1367. In *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), the Eleventh Circuit held that in cases where qualified immunity is implicated, 'some factual detail is necessary, especially if [the court is] to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred.' *Id.* at 1485." *Raspberry*, 88 F. Supp. 2d at 1329 n.6.

[7] "The court notes that Plaintiff may have attempted to cure the defects in his Complaint by including a short section in his Brief entitled 'Excessive Force.' (Pl's Resp. at 24.) However, based on the holding in *GJR*, the court finds that this is not sufficient to defeat summary judgment. 132 F.3d 1359, 1369 ('A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity.'); *Id.* at 1368 (holding that plaintiff's attempt to cure the defects in its complaint by raising additional arguments in its brief was not enough to prevent dismissal)." *Raspberry*, 88 F. Supp. 2d 1329 n.7

14

officer "intentionally and/or wantonly or negligently misused the handcuffs" causing the plaintiff pain and injury. (Doc. 1, ¶ 12). This is clearly a state law claim. That was the position of plaintiff's original counsel who filed the complaint.[8]

Although the first paragraph of the second count incorporates "each and every material averment set out herein" this is insufficient to satisfy Rule 8 under the present circumstances because it does not serve to incorporate claims listed in Count I into Count II, as the plaintiff seems to argue. The plaintiff does not specify which allegations are material to Count II, so the court and defendants are left to speculate. No amount of intelligent speculation, even assuming the court were willing to speculate, would lead the court to believe that the allegations in Count I concerning invocation of §§ 1983 and 1985 are material to the averments set forth in Count II, which contains a state wantonness or negligence claim. Thus, they would not be deemed to be incorporated by reference. This deficiency, which is compounded by the failure to adequately reference such basic terms as "excessive force" and "the Fourth Amendment," precludes this court from finding that the second count includes a § 1983 excessive force claim. Additionally, the plaintiff never alluded to such claim until almost eighteen months after the deadline for adding new claims passed. (Doc. 6, p. 1). Examining the entire complaint, the court finds that

---

[8] Original counsel so stated at the first pretrial conference in June 1999. More importantly, when the original motion to dismiss was filed, defense counsel summarized the complaint in his motion stating, in part, that the complaint included the conspiracy claims under ¶¶ 1983 and 1985 and additional claims for negligence and wantonness under state law. (Doc. 18, p. 1). In his response, counsel for the plaintiff stated:

> Plaintiff's claims are that, as a result of the arresting officers' actions, he was denied his civil rights. Mr. Owens' complaint is not that he was pulled over for reckless driving or improper equipment, but that during the process, he was denied basic civil rights and that Defendants' actions were in retaliation for previous litigation and to intimidate him from pursuing any further litigation.

(Doc. 20, pp. 6-7). Thereafter, in the memorandum opinion denying the motion, the court summarized the allegations stating: "Specifically, count one alleges statutory claims under 42 U.S.C. §§ 1983 and 1985, count two alleges negligence and wantonness claims under state law, and count three alleges race discrimination claims under 42 U.S.C. § 2000(e)." (Doc. 23, pp. 1-2). Counsel for the plaintiff never objected to or sought to correct the court's summary.

15

the defendants were not placed on notice that the plaintiff's allegations included an excessive force claim. To find otherwise would encourage attorneys to make vague and overly general averments or to use boilerplate incorporation language to allow them conjure up additional claims after scheduling deadlines have passed. Therefore, the motion to exclude an excessive force claim is due to be granted.

### D. Motion to Dismiss Negligence Claim Against the Town of Parrish

The Town of Parrish also moves to dismiss the negligence count against it because the plaintiff failed to file a claim with the Town of Parrish City Clerk as is required by Alabama law. (Doc. 46). The plaintiff has not filed any opposition to the motion.

Under § 11-47-23 of the Code of Alabama (1975), all claims against a municipality "for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." ALA. CODE § 11-47-23 (1975). Section 11-47-192 states that recovery from a municipality is not allowed "unless a sworn statement [is] filed with the clerk by the party injured . . . stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed." ALA. CODE § 11-47-192 (1975). The filing of a lawsuit within the six-month period is sufficient to satisfy the requirements of § 11-47-23. *Diemert v. City of Mobile*, 474 So. 2d 663 (Ala. 1985).

According to the complaint, this action occurred on June 5, 1996, when the plaintiff was arrested. He had until December 5, 1996, to file his claim with the Parrish City Clerk. There is no evidence that the plaintiff filed any claim other than when he initiated this lawsuit on May 29, 1998. This is well beyond the allowable period for filing a claim for damages due to negligence against the Town of Parrish. Thus, the plaintiff's negligence claim is barred and due to be

dismissed. The motion (doc. 46) will therefore be granted.

### III. CONCLUSION

For the foregoing reasons, the defendants' motion to strike the testimony of the treating physicians (doc. 41) is due to be denied; the motion to strike the § 1985 claim (doc. 44) is due to be granted; the defendants' motion to exclude the excessive force claim (doc. 45) is due to be granted; and the Town of Parrish's motion to dismiss the negligence claim against them (doc. 46) is due to be granted. An appropriate order will be entered.

**DONE,** this the 25th day of August, 2000.

JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE